**UNITED STATES of America,
Appellee,**

v.

**Rickey BURTON, also known as
Frag, Defendant–Appellant.**

**No. 06–1643.**

United States Court of Appeals,
Second Circuit.

Oct. 5, 2007.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Katherine Polk Failla, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, PAUL A. CROTTY, District Judge.*

## SUMMARY ORDER

Rickey Burton appeals his conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

■ Burton's Confrontation–Clause challenge to the admission of jail records containing the addresses given to the jail by two inmates lacks merit because these records are not testimonial. *See Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 2276, 165 L.Ed.2d 224 (2006) (looking to the primary purpose of police questioning

---

* The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York.

and responses to determine whether responses were testimonial); *United States v. Feliz*, 467 F.3d 227, 231–32 (2d Cir.2006) (holding that non-testimonial hearsay is not subject to Confrontation–Clause protection). The same is true of Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which is a classic business record. *Cf. id.* at 233–37 (holding that an autopsy report was a business record and therefore not testimonial).

 Nor was Form 4473 inadmissible hearsay. Although the form was filled out by an outsider to the business, the information provided was verified by the business in the usual course and is therefore admissible. *See United States v. Lieberman*, 637 F.2d 95, 100–01 (2d Cir.1980).

 We need not determine whether the jail records were improperly admitted or improperly used after their admission because any error in their admission or use was harmless in light of the overwhelming evidence properly admitted against defendant. *See United States v. Reifler*, 446 F.3d 65, 87 (2d Cir.2006) (holding that the strength of the prosecution's case is likely the most important factor in determining whether an error is harmless). In this case, an eyewitness testified to Burton's possession of the gun, the eyewitness's testimony was corroborated by a contemporaneously recorded 911 phone call, the gun was found in the apartment Burton had left and was wrapped in a sheet that was very similar to the one described by the witness, a jailhouse informant testified that Burton had admitted commission of the crime, and details in the jailhouse informant's testimony were corroborated by the Form 4473.

We therefore affirm the judgment of the District Court.